By the Court, Cowen,
J. The defendants’ policy was ón buildings described and insured as two distinct parcels, about which there is no dispute. By the same policy they insured $1000 on fixtures and utensils, and $3000 on stock. The ¿Etna company subsequently insured $5000 on the fixtures and stock as one parcel. Out of fixtures worth $9894,91, the plaintiffs lost $5918,76; and out of stock Worth $2996,35, they lost $2684,01.
The defendants’ policy contained a clause in these Words: “ And in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy,, the insured shall not, in case of loss or' damage, be entitled to demand or recover on this policy any greater portion of the loss or damage sustained than the amount hereby insured shall bear *301 to the whole amount insured upon said property.” The .¿Etna policy contained a clause to the same effect.
Were this the ordinary case of double insurance, no question is made that the plaintiffs’ recovery should have been cut down to a proportional amount. (Lucas v. The Jefferson Insurance Company, 6 Cowen, 635.) A man may insure the same subject against fire in several offices, to any amount, due notice being given to each, and the fact noted on the respective policies. (1 Bell’s Com. 629; 2 Phill. On Ins. 59, 2d ed.) The effect is, that each office then stands in the relation of co-surety with the other, according to the several amounts for which they undertook, just as if they had all underwritten the same policy. The several policies are considered as one. Stopping here, therefore, the insured may sue and recover on one or more of them to the extent of his entire loss, if the sums subscribed will cover it; and those who pay the loss may compel contribution for the payment from the others, in the proportion that each of the sums subscribed by them bears to the whole amount of subscriptions. (6 Cowen, 635 ; 2 Phill. On Ins. 606; See Hughes On Ins. 45; Millar On Ins. 271, 2; Park On Ins. 373 ; Condy's Marsh. 146.) To avoid this circuity, the clause in question was introduced. By this, the double office of recovery and contribution is performed in a single action; the defendant being allowed to recoupe the same amount which he must formerly have recovered over against those who stood by his side. The clause, it seems, has not always been received with perfect favor. (Stacey v. The Franklin Ins. Co., 2 Watts & Serg. 506, 542.) But no question has ever been made that this and the like clauses in policies must have effect, when the case for which they provide clearly exists. Parties to a contract may fix the damages for a breach, by a provision in the contract itself, if the measure prescribed violate no rule of policy or equity. The clause in question was probably intended to substitute proportional abatement for' contribution, in all those cases in which the latter would otherwise have been required by the common law: and is perhaps sufficient to answer that end. Have we here that single policy, that rcla *302 tion of sureties which calls for contribution 1 The sums sub* scribed may be and often are different; but none of the numerous books cited show that the right to contribution has ever been supposed to arise without the subject matter insured being exactly the same in each policy. It is not enough that the insured be the same. He may take policies on different things, on different risks pertaining to the same thing, or on different interests in respect to the same thing. In each case the demand for a loss against one insurer is in no way affected by the subscription of another. (Godin v. Lond. Ass. Co., 1 Burr. 489, 495 ; 1 W. Bl. 103, 105, S. C.; Park On Ins. 375.) We must here regard the first as in effect two separate policies insuring $1000 on the fixtures and $3000 on the stock. Then, to warrant contribution, we want two other separate policies, or one insuring separate sums on each. The assured, however, took only one policy, insuring an entire sum on one parcel., The subject was therefore different. In the first it was separate,, in the second compound; and such a difference may as well be extended to fifty as to only two subjects. The several subjects are. found to be substantially different when an effort is made to effect contribution. The counsel for both parties agree, that in order to do so, the $5000 must be divided into two parts, one being applied to the fixtures and the other to the stock. It is not denied that the division must be entirely arbitrary; and the different methods proposed by the parties best accord with their respective interests. Neither has cited any case where such a thing has been done, nor mentioned any principle by which we should be authorized thus to modify the contracts of parties. Something like it was, I perceive, once attempted by a private hand, and with about the same success as has attended the efforts of counsel here. (Stevens On Average, 194, Am. ed. of 1817.) The struggle of the learned author was to make at least a single indemnity out of both policies; and any thing short of indemnity would not be just to the assured. If we were authorized to impute fraud or evasion to the assured, we might then allow the defendants to divide and apply the sum^in ffieir own way. But the policy from which they claim to benefit, was noted on their *303 own, and they admit that due notice was given to them. They have acquiesced, either knowing of the variance, or at least neglecting to obtain proper information and to take measures for having it corrected or explained. The plaintiffs evidently intended to insure only the balance of an interest which they thought was not covered by the defendants’ insurance—an insurance that proves in fact unequal to the loss. Possibly the second policy may, under the circumstances, be so construed as to effect the intended object; but how much may be recovered upon the ¿Etna policy is not now the question. It is enough to see that the insurance is not double. The case of Harris v. The Ohio Insurance Company (5 Ham. 466, 468) did not raise the question of contribution or abatement. The first policy was declared void, because notice of the second was not given. It comes out in the course of the opinion that one was on goods, and the other on store and goods; but the latter might have been for separate sums on each.
We are of opinion that the court below was right in holding that the plaintiffs might recover on the defendants’ policy without reference to the ¿Etna policy.
Judgment affirmed.